**David M. SOKOL et al.,**
**Plaintiffs,**

**v.**

**UNIVERSITY HOSPITAL, INC., et al.,**
**Defendants.**

**Civ. A. No. 74–4605–S.**

United States District Court,
D. Massachusetts.

July 14, 1975.

**1030**

Harvey W. Freishtat, Neil L. Chayet, Chayet & Sonnenreich, Boston, Mass., for plaintiffs.

Earle C. Cooley, Hale & Dorr, Gene D. Dahmen, Choate, Hall & Stewart, Karin K. Zander, Boston, Mass., for defendants.

### MEMORANDUM AND ORDER

SKINNER, District Judge.

This complaint seeks injunctive relief and damages by reason of a restriction imposed upon the plaintiff Sokol by the defendants with respect to the practice by the plaintiff of cardiac surgery at the University Hospital (the Hospital). In particular, the plaintiff alleges that this restriction was the result of a conspiracy on the part of the defendant Berger to retain all of the cardiac surgery practice at the Hospital for himself. The plaintiff Austin is a patient of Sokol who requires cardiac surgery. He alleges that his rights to have the surgery performed by Sokol at the Hospital have been violated by the defendants.

The defendants have filed motions to dismiss for lack of jurisdiction and for failure to state a claim. At my suggestion, the question of jurisdiction was briefed and argued first.

Count III alleges a violation of the First and Fourteenth Amendments of the Constitution and the rights of the plaintiffs to the privacy of the physician-patient relationship under the Ninth and Fourteenth Amendments. Jurisdiction under this Count has not been seriously argued by the plaintiffs.

Counts V through VIII allege common law actions of tort, which, standing alone, are not within the Court's jurisdiction.

■■ Count IX alleges a violation of the Sherman Act 15 U.S.C. § 1. While the motion is not, strictly speaking, directed to the jurisdiction of the Court, it has nevertheless been briefed and argued as to whether this complaint states a claim cognizable under this Count. The practice of medicine and the maintenance of a hospital may possibly constitute commerce, *cf. Goldfarb v. Virginit State Bar et al.*, 421 U.S. 773, 95 S. Ct. 2004, 44 L.Ed.2d 572 (1975), but probably does not. *Elizabeth Hospital, Inc. v. Richardson*, 269 F.2d 167 (8 Cir. 1959). The defendant Hospital's activities are doubtless interstate. The Hospital, according to the allegations of the complaint, is one of eight hospitals in the Boston area which is equipped to perform cardiac surgery. There is no monopoly situation. This is, moreover, an isolated instance of the restriction on one doctor's privileges, which may be analogized to a refusal to deal in commercial situations. This has not been held to violate the Sherman Act in the absence of an agreement, combination or conspiracy. Where the act complained of is the act of a corporation, the fact that the concurrence of a number of the personnel of the corporation is required to generate the corporate act does not satisfy the Sherman Act's requirement of an agreement, combination or conspiracy. Count IX must be dismissed for failure to state a claim under Fed. R.Civ.P. 12(b)(6).

■ The principal issue in the case, and the one to which the parties have devoted the greater part of their briefs and arguments, is whether University Hospital was a governmental agency acting under color of law when it limited the plaintiff's privileges. If so, Counts I, II and III, which allege the violation of constitutional rights to due process and the equal protection under the Fifth and Fourteenth Amendments and 42 U. S.C. § 1983, invoke the jurisdiction of the Court. The underlying facts concerning the operation of the Hospital have been established by the pleadings, by stipulation and by affidavits. The plaintiffs assert several different claims.

## UNDER THE HILL–BURTON ACT AND HEFA

### 1. RECEIPT OF FEDERAL FUNDS

The Hospital, a private charitable corporation organized under a special act, had received federal and state financing funds for the construction of hospital facilities. There is no particular relationship between these funds and the function performed by the plaintiff. While there is a line of cases in the Fourth Circuit which holds that acceptance of Hill-Burton money renders a hospital a governmental agency, they stem from a case involving racial segregation. *Simkins v. Moses H. Cone Memorial Hospital*, 323 F.2d 959 (4 Cir. 1963). To the extent that these cases establish the general proposition urged by the plaintiffs, I believe them to have been wrongly decided. There is no direct decision on the point by the Court of Appeals in this Circuit.

The correct view, in my opinion, is that there must be some direct connection between the funding and the act complained of. *Ward v. St. Anthony Hospital*, 476 F.2d 671, 675 (10 Cir. 1973); *Barrett v. United Hospital*, 376 F.Supp. 791, 800–802 (S.D.N.Y., 1974); *Bricker v. Sceva Speare Memorial Hospital*, 111 N.H. 276, 281 A.2d 589, 599, *cert. denied*, 404 U.S. 995, 92 S.Ct. 535, 30 L.Ed.2d 547 (1971). See *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 354, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). The receipt of these funds does not place the government in a position to regulate the personnel practices of the Hospital, nor have the Hospital's powers been circumscribed. *Cf. McQueen v. Druker*, 438 F.2d 781, 784 (1 Cir. 1971).

### 2. THE HOSPITAL SERVES A PUBLIC PURPOSE, IS EXEMPT FROM TAXATION, AND HAS A PUBLIC MEMBER ON ITS BOARD OF TRUSTEES

This part of the plaintiffs' argument would convert every private charity into a state agency. "Public purpose" is not the same as governmental function. This argument was correctly rejected in *Ward v. St. Anthony Hospital, supra,* and *Barrett v. United Hospital, supra.* The fact that five members of the Board of Trustees are appointed by the Governor of Massachusetts does not change the picture, since the public members are not subject to the Governor's control while in office and need not account to the state government for their official acts.

### 3. THE HOSPITAL, BY AGREEMENT, PERFORMS SERVICES PREVIOUSLY PERFORMED BY THE BOSTON CITY HOSPITAL

There is no suggestion in the case that University Hospital performs these services other than as an independent contractor. It is not acting as the representative of the City. *Cf. Powe v. Miles*, 407 F.2d 73, 83 (2 Cir. 1968).

### 4. THE HOSPITAL IS BOUND BY GUIDELINES GOVERNING THE APPOINTMENT OF STAFF CONTAINED IN 20 CFR, §§ 405.1021, 405.1023 AND THE ACCREDITATION MANUAL FOR HOSPITALS

Compliance with certain guidelines governing staff appointments contained in 20 CFR, § 405.1021 and § 405.1023 is a qualifying condition for eligibility of the Hospital to receive Medicare and Medicaid payments. To be eligible for payments for inpatient care, the Hospital must be accredited, which it is. I will assume that the accreditation process and the Accreditation Manual have been so integrated into the licensing, Medicare and Medicaid programs as to have acquired the character of governmental action. The programs are administered by the State. 42 U.S.C. § 1395aa.

These guidelines are very general and do not require the actions of which the

**1032**

plaintiffs complain. If the defendants did the plaintiffs any injury, as alleged in the complaint, it was not "under color" of these regulations. The state's position is neutral. It is not assisting in any invalid application of its regulations. Cf. *Lavoie v. Bigwood,* 457 F.2d 7, 11, 15 (1 Cir. 1972).

To the extent that the acts complained of are in violation of these guidelines, they are by definition not "under color" of them. Legislation to control abuses does not render all conduct in the regulated area state action. *Barrett v. United Hospital,* 376 F.Supp. 791, 804–5 (S.D.N.Y.1974). The *Barrett* case holds that New York legislation, substantially similar to the guidelines referred to above, did not render the refusal of a hospital to reappoint a doctor state action within the meaning of 42 U.S.C. § 1983. Semble, *Ward v. St. Anthony Hospital,* 476 F.2d 671 (10 Cir. 1973).

This case is readily distinguished from cases such as *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) in which it was held that policemen, who were clearly agents of the state, may not escape liability under 42 U.S.C. § 1983, because they act in violation of state laws. In such a case, the official's act was "made possible only because the wrongdoer is clothed with the authority of state law." A private institution is not so clothed. It is anomalous to assert that the action of a private institution has become state action because it is "under color of" a law when it is in fact violative of it.

## CONCLUSION

In summary, this action must be dismissed for lack of jurisdiction as to Count I through VIII, and dimissed for failure to state a claim upon which relief can be granted as to Count IX.